UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLOS VALDOVINOS-DIAZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. C16-5510 BHS<br>CR14-5159-BHS<br><br>ORDER DENYING PETITION |

This matter comes before the Court on Carlos Valdovinos-Diaz's ("Petitioner") motion under 28 U.S.C. § 2255. Dkt. 1. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

On January 22, 2015, Petitioner pled guilty to Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(c), and 846. Cause No. CR14-5159, Dkt. 152. Petitioner also pled guilty to Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *Id.* On April 27,

ORDER - 1

2015, the Court sentenced Petitioner to a total term of 102 months of incarceration. *Id.*, Dkts. 255, 257. The conviction included a mandatory consecutive 60-month sentence pursuant to 18 U.S.C. § 924(c)(1)(A)(i). *See id.*, Dkt. 257 at 1. Except for the motion presently before the Court, Petitioner has neither appealed his conviction nor filed any post-conviction motions.

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was an unconstitutionally vague sentencing statute in violation of the Due Process Clause. *Id*. at 2557. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Welch*, the Court held that "that *Johnson* is retroactive in cases on collateral review . . . ." *Id*. at 1268.

On June 16, 2016, Petitioner filed his motion under 28 U.S.C. § 2255. Dkt. 1-1. Petitioner argues that his sentence was enhanced under the ACCA and that it should be reduced pursuant to the Supreme Court's ruling in *Johnson*. Dkt. 1. On July 22, 2016, the Government responded. Dkt. 3. The Government contends that the motion is procedurally barred and that the Supreme Court's ruling in *Johnson* is inapplicable to Petitioner's sentence. *Id.*

## II. DISCUSSION

Petitioner's claim is procedurally barred by his failure to raise his claim on direct review. "[F]or federal and state convictions, habeas review is not to substitute for an appeal." *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007). The Ninth

1 Circuit "has held that the failure to raise sentencing issues may preclude the Petitioner
2 from asserting those issues by way of a § 2255 petition." *United States v. Schlesinger*, 49
3 F.3d 483, 485 (9th Cir. 1994). Accordingly, "[w]here a defendant has procedurally
4 defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas
5 only if the defendant can first demonstrate either 'cause' and actual 'prejudice'. . . ." *Id.*
6 at 1149 (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

7       Petitioner did not raise his claim at trial, nor did he appeal his conviction. In light
8 of this default, Petitioner may not implement 28 U.S.C. § 2255 to collaterally raise
9 sentencing issues without showing both (1) cause for his failure to raise the issue on
10 direct review and (2) actual prejudice. *United States v. Frady*, 456 U.S. 152, 168 (1982).
11 Petitioner can show neither.

12 **A.    Cause**

13       Petitioner cannot show cause for failing to bring his claim on direct review.[1] "[A]
14 claim that 'is so novel that its legal basis is not reasonably available to counsel' may
15 constitute cause for a procedural default." *Bousley*, 523 U.S. at 622 (quoting *Reed v.*
16 *Ross*, 468 U.S. 1, 16 (1984)). Petitioner does not expressly argue that his argument was
17 unavailable at trial due to its novelty, but his reliance on *Johnson* necessarily implicates a
18 novel theory. However, the fact that *Johnson* was decided subsequent to Petitioner's

---

[1] Petitioner's plea agreement includes an appellate waiver, which might explain his failure to appeal. Dkt. 152 at 10. Nonetheless, an appellate waiver will not act as "cause" for Petitioner's failure to raise this issue on direct review, as the Ninth Circuit has recognized that 28 U.S.C. § 2255 may not be invoked to collaterally litigate claims foreclosed by such a waiver. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

sentencing does not by mean that the issue litigated in *Johnson* was so novel as to prevent Petitioner from raising it on direct review. *See Bousley*, 523 U.S. at 622 (finding no cause when "at the time of petitioner's plea, the Federal Reporters were replete with cases involving challenges" on an identical theory).

At the time of Petitioner's sentencing, the issue he raises now was receiving great attention from the Supreme Court. On November 5, 2014, prior to Petitioner's sentencing, the Supreme Court heard oral argument on *Johnson.* 135 S. Ct. 2551. On April 20, 2015, seven days prior to Petitioner's sentencing, the Supreme Court heard reargument specifically on the unconstitutional vagueness of the ACCA. *Id.* Under these circumstances, Petitioner cannot establish that his argument was "so novel that its legal basis [was] not reasonably available to counsel." *Reed*, 468 U.S. at 16.

Nor may Petitioner establish "cause" by showing that his attorney's failure to raise the issue at trial constituted ineffective assistance of counsel. "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982). As explained below, the Court determines that Petitioner's reliance on *Johnson* is meritless.

**B.     Prejudice**

Even if Petitioner could show "cause" for his failure to argue the vagueness of the ACCA on direct review, he cannot show "actual prejudice." To establish prejudice, Petitioner must show that an error at sentencing "worked to his actual and substantial disadvantage, infecting [the proceeding] with error of constitutional dimensions." *Frady*, 456 U.S. at 170.

1       Petitioner cannot show prejudice when the Supreme Court's holding in *Johnson* is

2   inapplicable to his sentence. In *Johnson* the Supreme Court found the language in the

3   residual clause of § 924(e)(2)(B)(ii) was unconstitutionally vague. 135 S. Ct. at 2555.

4   The decision in *Johnson* did not invalidate any other provision of the ACCA. *Id.* at 2563

5   ("Today's decision does not call into question application of the Act to the four

6   enumerated offenses, or the remainder of the Act's definition of a violent felony.").

7   Petitioner did not receive a mandatory minimum sentence pursuant to the ACCA. He was

8   neither convicted under 18 U.S.C. § 922(g) nor did he have any prior criminal history:

9   both are necessary elements under the ACCA. 18 U.S.C. § 924(e)(1). Rather, Petitioner

10  received his mandatory minimum sentence of 60 months pursuant to the mandatory

11  minimum enhancement under § 924(c)(1)(A)(i).[2]

12      Where Petitioner's sentencing was unrelated to the ACCA, Petitioner can not rely

13  on *Johnson* to seek a new sentence. Petitioner has failed to raise any failure at sentencing

14  that resulted in prejudice.

---

[2] While § 924(c) and the ACCA share § 924 in Title 18 of the United States Code, the § 924(c) enhancements are not part of the ACCA. The ACCA is comprised solely of § 924(e), initially passed as part of the Comprehensive Crime Control Act of 1984. Pub. L. No. 98-473, ch. XVIII, 98 Stat. 1837, 2185 (1984). The § 924(c) enhancements were initially passed an amendment to the Gun Control Act of 1968. Pub. L. 90-618, 82 Stat. 1223 (1968). It was subsequently amended by a 1971 amendment, the Sentencing Reform Act of 1984, the Firearm Owners Protection Act, and amendments in 1988, 1990, 1998 and 2005. § 13, Pub. L. 91-644, 84 Stat. 1889 (1971); § 1005, Pub. L. 98-473, 98 Stat. 2138 (1984); Pub. L. 99-308, 100 Stat. 457 (1986); § 6460, Pub. L. 100-690, 102 Stat. 4373 (1988); § 1101, Pub. L. 101-647, 104 Stat. 4829 (1990); § 1, Pub. L. 105-386, 112 Stat. 3469 (1998); § 6(b), Pub. L. 109-92, 119 Stat. 2102 (2005).

## III. ORDER

Therefore, it is hereby **ORDERED** that the Petitioner's motion under 28 U.S.C. § 2255 (Dkt. 1) is **DENIED**.

Dated this 23rd day of August, 2016.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge